**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW MEXICO**

AMANDA LOPEZ-GRANADO,

Plaintiff,

v. No:_15-1075_

ALLSTATE INSURANCE COMPANY,

Defendant.

**NOTICE OF REMOVAL**

Defendant Allstate Insurance Company ("Allstate") hereby gives notice of the removal to this Court pursuant to 28 U.S.C. §§ 1441, and 1446, of the above-captioned action, formerly pending in the District Court for the First Judicial District, County of Santa Fe, State of New Mexico, as No. D-101-CV-2015-01952. Allstate files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. Allstate bases this removal on the following grounds:

## I. THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.

On August 26, 2015, Plaintiff Amanda Lopez-Granado filed her "Complaint for Bad Faith and Related Causes of Action in New Mexico State Court, naming Allstate as defendant. A copy of the Complaint is attached to this Notice as Exhibit 1.

On October 26, 2015, the Superintendent of Insurance accepted service on behalf of Allstate. *See* Exhibit 2 attached hereto. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service. No responsive pleadings to the Complaint have been filed in the state court action.

Allstate files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the First Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Travelers, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. This action, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Citizenship of the Parties Is Completely Diverse.

According to the allegations of the Complaint Plaintiff, is a resident of Dona Ana County, New Mexico. Complaint ¶ 1.

Allstate Insurance Company of America is the company that issued the policy at issue in this case ("policy"). Plaintiff's Complaint alleges that Defendant Allstate is "a foreign corporation doing business in New Mexico." Complaint ¶ 2. Allstate Insurance Company is a Illinois corporation with its principal places of business in Illinois. Allstate is thus a citizen of the state of Illinois for diversity purposes. *See* 28 U.S.C. § 1332 (c)(1). Therefore, the controversy between the Plaintiff and Allstate is between citizens of different states.

### B. The Amount in Controversy Exceeds $75,000.

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). In the Complaint, Plaintiff claims that she was a passenger of a motor vehicle who was severely injured as a result of an underinsured motorist accident in 2007. Complaint, ¶¶ 5-10. Plaintiff alleges that she made a policy limits demand in the amount of $50,000 to settle the claim and that Allstate did not pay the sums it owed until more than five years after the automobile accident. Complaint, ¶ 23. Plaintiff claims that she is entitled to "monetary damages necessary to restore to her that which was lost by Defendant's breach, including but not limited to incidental damages, consequential damages and reliance damages, attorneys fees and costs and other damages in an amount to be determined at trial." Complaint, ¶ 27. Plaintiff's Complaint seeks recovery against Allstate for Breach of Contract (Count I); Insurance Bad Faith (Count II); Unfair Insurance Claim Practices

(Count III); Unfair Trade Practices (Count IV); Negligence (Count V); Breach of Fiduciary Duty (Count VI).

Satisfaction of the amount-in-controversy requirement must be established by a preponderance of the evidence. See *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount [in controversy]." *Id.* at 955. In the absence of an explicit demand for more than $ 75,000.00, the defendant must show how much is in controversy through other means. *Id.* A defendant's burden in establishing jurisdictional facts is met if the defendant proves "jurisdictional facts that make it possible that $75,000 is in play." *Id.* If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id.* (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id* The Tenth Circuit has identified several ways in which a defendant may rely on to show how much in controversy. Those include an estimate of the potential damages from the complaint. *McPhail,* 529 F.3d at 956.

Without in any manner passing on the merits of the Plaintiff's claims, and only taking into account the kinds of compensatory damages and other recovery Plaintiff seeks, the Court can reasonably conclude that the Plaintiff's verdict could exceed $75,000. First, Plaintiff claims that Allstate did not pay the $50,000 sums it owed until more than five years after the accident. Complaint at ¶ 23. These delay damages for alleged bad faith could easily exceed $25,000 alone. Although these compensatory damages are not interest, an analysis of New Mexico's interest statute is instructive. New Mexico law permits up to fifteen percent for money due on a contract. *See* 56-8-3 NMSA 1979. Plaintiff claims that Allstate did not timely pay her the sums it owed. While Allstate disputes that it did not timely pay the $50,000 uninsured motorist benefits, delay damages alone which would be compensatory damages could be substantial if Plaintiff prevails in her position that Allstate unreasonably delayed the resolution of Plaintiff's uninsured motorist claim. At a rate of 15% these damages equal $37,500 ($7,500 per year x 5

years) taking Plaintiff's allegations to their conclusion. Furthermore, Plaintiff seeks other unspecified damages including "incidental and consequential." Plaintiffs have also alleged that they are entitled to both compensatory and punitive damages. The calculation of the amount in controversy includes both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994). Punitive damages are recoverable in New Mexico for bad faith. *See, e.g., Jessen v. National Excess Ins. Co.*, 108 N.M. 625, 776 P.2d 1244, 1246 (1989) ("[b]ad faith supports punitive damages upon a finding of entitlement to compensatory damages). Juries in New Mexico, this Circuit and elsewhere have awarded large punitive sums against insurance companies in cases involving, inter alia, bad faith. *See, e.g., Am. Nat'l Prop. & Cas. Co. v. Cleveland*, 2013 NMCA 013, 293 P.3d 954 (affirming award of $20,000 in additional compensatory damages for bad faith and $50,000 for punitive damages when $8,260.08 in contract damages claimed); *Capstick v. Allstate Ins. Co.*, 998 F.2d 810 (10th Cir. 1993) (jury awarded $2 million for alleged bad faith refusal to pay total-loss automobile insurance claim); *Burge v. Mid-Continent Casualty Co.*, No. 92-5973 (New Mexico Second Judicial District Court 11/23/98 jury verdict of $957,400 for breach of contract, unfair claim practices and insurance bad faith); *Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1114-15 (Okla. 1991) (jury awarded $2 million in punitive damages for alleged bad faith refusal to pay an underinsured motorist coverage claim); *Hawkins v. Allstate Ins. Co.*, 733 P.2d 1073 (Ariz. 1987) (jury awarded $3.5 million in punitive damages for bad faith, where compensatory damages were $15,000), cert. denied, 484 U.S. 874 (1987); *Paiz v. State Farm Fire & Cas. Co.*, 118 N.M. 203, 880 P.2d 300 (1994) (jury awarded [although punitive damages award was ultimately reversed] over $800,000 against insurer and agent for insurer's denial of payment for damage to a building destroyed by fire); *United Nuclear Corp. v. Allendale Mutual Insurance Co.*, 103 N.M. 480, 709 P.2d 649 (1985) (jury awarded [although award was ultimately reversed] $25 million in punitive damages and $3 million in attorneys' fees against insurer); *Curtiss v. Aetna Life Ins. Co.*, 90 N.M. 105, 560 P.2d 169 (Ct. App. 1976) (affirming $100,000 punitive damage award against

insurer in individual bad faith action), cert. denied, 90 N.M. 7, 558 P.2d 619 (1976). A review of jury awards such as these has been sufficient to establish the propriety of removal jurisdiction in individual diversity cases. *Marrujo v. Swift Transportation Co.,* CIV No. 98-1222 BB/DJS, mem. op. (D.N.M. Aug. 6, 1999) (denying remand of removed action based on defendant's analogy to jury verdicts in cases with similar alleged injuries).

The facts in the present case are similar to the facts at issue in *Singleton v. Progressive Direct Ins. Co.*, 49 F. Supp. 3d 988 (D. Okla 2014). In that case, the Plaintiff alleged a breach of contract for an insurer's failure to pay an uninsured motorist claim. The same day the insurer tendered the payment of the policy limit and thereafter removed the case to federal court asserting diversity jurisdiction. The *Singleton* plaintiff's complaint stated only that she sought damages in excess of ten thousand dollars. The court examined the law in Oklahoma on punitive damages and concluded that the allegations alleging that "Progressive failed to properly investigate her claims, delayed payments or withheld them altogether, and used its unequal bargaining position to overwhelm and take advantage of her, though it knew that she was entitled to receive $100,000 in UIM benefits under her policy. These allegations supply the required underlying facts supporting Progressive's assertion that the value of Singleton's claim for punitive damages exceeds the amount required to surpass the jurisdictional threshold." [internal citations omitted]. *Id.* at 994.

In the present case, the Plaintiff claims Allstate "intentionally, knowingly, willfully and recklessly delay[ed] payment of a claim that exceeded available policy limits" for five years. Complaint, ¶ 62, 23. The availability of treble damages and attorneys' fees may also be considered in determining whether the amount in controversy is met. *Miera v. Dairyland Ins. Co*., 143 F.3d 1337 (10th Cir. 1998). Trebling the so-called delay damages alone meets the $75,000 jurisdictional prerequisite. Both attorneys' fees and treble damages are recoverable under the New Mexico statutes pursuant to which Plaintiffs are suing. *See Salazar v. GEICO Ins. Co*., 2010 U.S. Dist. LEXIS 52290 (D.N.M. April 27, 2010) (Judge Browning denying motion to remand uninsured motorist case); *Jamison v. State Farm Gen'l Ins. Co*., No. CIV 98-

1004 BB/RLP mem. op. (D.N.M. Dec. 7, 1998) (denying remand of removed action because, in part, "Attorneys' fees must be included when determining whether the amount in controversy exceeds the minimum jurisdictional amount for the invocation of federal jurisdiction," citing In re Abbott Lab., 51 F.3d 524 (5th Cir. 1995)); *see also, Miera v. Dairyland Insurance Co*., No. 96-0136-M, Mem. Op. (D.N.M. Feb. 28, 1996) (denying remand of removed action based on availability of attorneys' fees under New Mexico Unfair Claim Practice Act and Unfair Trade Practice Act); *Travelers Indemnity Co. v. Sotheby's Holding, Inc*., Civ. No. 02-691 LFG/DJS Memorandum Opinion and Order Denying Plaintiffs' Motion for Remand, at 3 (D.N.M. Oct. 25, 2002) (finding jurisdictional amount established by claim for treble damages and attorneys' fees under Unfair Trade Practices Act).

Thus, even when not considering the amount of the uninsured motorist benefits which have been paid, and only taking into account the compensatory damages claimed by Plaintiff, and the claims for attorneys' fees and treble damages, there is obviously more than $75,000 in controversy in the present case. *See Jamison, supra; Bolling v. Union Nat'l Life Ins. Co*., 900 F. Supp. 400, 405 (M.D. Ala. 1995) ("[I]n view of awards rendered in similar cases . . . [the] defendant has met its burden of producing sufficient evidence [on removal] to convince this court that the amount in controversy is greater than" the jurisdictional amount exclusive of costs).

Considered together, these alleged damages easily establish that Plaintiff seeks to "put in play" an amount well in excess of $75,000. Accordingly, Allstate has satisfied the jurisdictional amount threshold.

WHEREFORE, Defendant Allstate requests that this Court assume full jurisdiction over this case as provided by law.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Jennifer A. Noya*
Jennifer A. Noya
Post Office Box 2168
500 Fourth Street, N.W. #1000
Albuquerque, New Mexico 87103-2168
Telephone: (505) 848-1800

*Attorneys for Defendant Allstate.*

WE HEREBY CERTIFY that on this 24th day of November 2015, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

Richard J. Valle
Matthew J. Zamora
CARTER & VALLE LAW FIRM, PC
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110

And

Robert M. Sanchez
708 Sagewood Ct., SE
Albuquerque, NM 87123

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Jennifer A. Noya*
Jennifer A. Noya
*W1939908.DOCX*