FILED IN MY OFFICE
DISTRICT COURT CLERK
8/26/2015 11:24:26 AM
STEPHEN T. PACHECO
Maureen Naranjo

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

AMANDA LOPEZ-GRANADO,

    Plaintiff,

v.    No. D-101-CV-2015-01952

ALLSTATE INSURANCE COMPANY,

    Defendant.

## COMPLAINT FOR BAD FAITH AND RELATED CAUSES OF ACTION

COMES NOW, Plaintiff, Amanda Lopez-Granado, by and through her counsel of record, Richard J. Valle and Matthew J. Zamora of CARTER & VALLE LAW FIRM, PC, and for her Complaint states:

1. Plaintiff is currently a resident of Doña Ana County, State of New Mexico.

2. Upon information and belief, Defendant Allstate Insurance Company (hereinafter "Allstate") is a foreign corporation, doing business in New Mexico.

3. Pursuant to NMSA 1978, Section 59A-5-31, the New Mexico Superintendent of Insurance has been appointed as Defendant's agent for service of process in this matter, and thus venue in this Court is proper.

4. This Court has jurisdiction of the parties and subject matter herein.

5. On August 1, 2007, Plaintiff was a passenger of a motor vehicle owned and operated by Minerva Lopez.

6. At that time, the tortfeasor ran a red light and struck the vehicle in which Plaintiff was riding and subsequently fled the scene of collision.

7. Plaintiff, who was pregnant at the time, was severely injured in the auto crash.


EXHIBIT 1

8. Plaintiff incurred significant damages as a result of the auto crash.

9. The auto crash was not Plaintiff's fault.

10. The tortfeasor's insurance policy did not have enough coverage for Plaintiff and Minerva Lopez.

11. This Complaint specifically concerns a claim that Plaintiff made with Defendant for Underinsured Motorist (UIM) benefits following the August 1, 2007 crash.

12. At the time of the crash, Minerva Lopez had insurance with Defendant, Policy No. 0-36-653487 04/02.

13. Defendant's policy included UIM insurance coverage for Plaintiff.

14. Plaintiff is an insured person under the policy.

15. As an insured, Defendant owed certain duties to Plaintiff.

16. Plaintiff made a policy limits demand of $50,000.00 to Defendant for available UIM benefits.

17. Plaintiff's damages exceeded the available policy limits of $50,000.00.

18. Defendant caused considerable delay in investigating and processing Plaintiff's claim for UIM benefits.

19. Plaintiff made several attempts to resolve Plaintiff's claim with Defendant.

20. On September 26, 2011, more than four years after Plaintiff's claim accrued, Defendant issued a letter indicating that it would send an undisputed amount of $25,000.00 to Plaintiff and advised that arbitration can commence for the remaining $25,000.00.

21. Defendant continued to delay Plaintiff's claim by compelling the parties towards arbitration.

22. On September 7, 2012, Defendant advised that it will pay the remaining policy limits of $25,000.00.

23. After more than five years since the auto collision, Defendant finally paid the policy limits owed to Plaintiff.

## COUNT I: BREACH OF CONTRACT

24. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

25. Defendant's acts and failures to act, as enumerated above, constitute a willful breach of its Contract.

26. Plaintiff performed all conditions precedent to the contract with Defendant.

27. As a result of the breach of the Contract by Defendants, Plaintiff has suffered monetary damages necessary to restore to her that which was lost by Defendant's breach, including but not limited to incidental damages, consequential damages and reliance damages, attorney fees and costs and any other damages in an amount to be determined at trial.

28. Defendant's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiffs to an award of reasonable attorney fees and costs pursuant to NMSA 1978, § 39-2-1.

29. Defendant's actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT II: INSURANCE BAD FAITH

30. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

31. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policy holder, including insureds.

32. Fair dealing means to act honestly and in good faith in the performance of the contract.

33. The insurance company must give equal consideration to its own interests and the interests of the insured.

34. An insurance company and its employees act in bad faith when they refuse to timely pay a claim of the insured for reasons which are frivolous or unfounded.

35. In deciding whether to pay a claim, the insurance company and its employees must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

36. An insurer and its employees and agents may not unreasonably delay notification to the insured that the claim will be paid or denied.

37. A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

38. The acts and failures to act of Defendant as enumerated above constitute a breach of their duty of good faith to Plaintiff.

39. As a direct result of the bad faith of Defendant, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

40. The acts and failures to act of Defendant as enumerated above, constitutes an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, § 39-2-1.

41. The actions of Defendant were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

### COUNT III: UNFAIR INSURANCE CLAIM PRACTICES

42. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

43. The acts and failures to act of Defendant, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, § 59A-16-20.

44. Defendant, as set forth above, knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a) and (b), where Defendant:

   (a) has without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

   (b) without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

45. Defendant acts in such a way to delay and deter the payment of claims with such frequency as to indicate that such conduct is Defendant's general business practice.

46. As a direct and proximate result of the unfair claims practices of Defendant, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

47. Plaintiff is also entitled to an award of attorney fees and costs under the statute.

## COUNT IV: UNFAIR TRADE PRACTICES

48. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

49. The acts and failures to act by Defendant, as enumerated above, constitute unfair and deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA 1978, § 57-12-1.

50. As a direct result of Defendant's unfair and deceptive trade practices and unconscionable trade practices, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

51. Plaintiff is also entitled to attorney fees, statutory and treble damages for violations of the Unfair Trade Practices Act.

52. The acts and failures to act by Defendant were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## COUNT V: NEGLIGENCE

53. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

54. Upon information and belief, Defendant planned, directed and put into operation the conduct and actions that resulted in unjustified delay and of Plaintiff's claims arising from the wrongful conduct described herein.

55. The acts and failures to act by Defendant as enumerated above were negligent.

56. As a result of the negligence of Defendant, Plaintiff has suffered damages as enumerated herein.

57. The acts and failures to act by and of Defendant were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

### COUNT VI: BREACH OF FIDUCIARY DUTY

58. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

59. Defendant's duties to Plaintiff were non-delegable duties, such that Defendant is liable to Plaintiff for each and every violation of these duties, whether committed directly by Defendant or by any of its attorneys, employees or agents.

60. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policyholder and insureds like Plaintiff.

61. When Plaintiff made claims under her coverage for injuries received in the motor vehicle accident, Defendants breached their duty to act in good faith under the covenant of good faith and fair dealing inherent in every insurance contract by putting their interests above the interests of their insured.

62. Defendants put their interests above their insured by intentionally, knowingly, willfully and recklessly delaying payment of a claim that exceeded available policy limits.

63. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff has been injured in an amount to be proven at the time of trial.

**WHEREFORE**, Plaintiff prays for an order for all damages as determined at trial, together with the costs of this litigation, pre-judgment and post-judgment interest (on the extra-contractual claims as well), reasonable attorney fees, punitive damages, as well as an early mediation at Defendant's expense as set forth in NMSA 1978 §57-12-1 et seq., and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**CARTER & VALLE LAW FIRM, PC**

<u>*/s/ Richard J. Valle*</u>
RICHARD J. VALLE
MATTHEW J. ZAMORA
Attorneys for Plaintiff
8012 Pennsylvania Circle, NE
Albuquerque, NM 87110
PH:    505-888-4357
FAX:  505-883-5613

and

**ROBERT M. SANCHEZ**
708 Sagewood Ct., SE
Albuquerque, NM 87123
PH:    505-298-4499
FAX:  505-299-8244